# Landis, Appellant, *v.* Curtis & Jones Company, Incorporated.

*Negligence—Master and servant—Dangerous machine—Contributory negligence—Fellow servant—Evidence.*

In an action by a boy fifteen years old against his employer, a corporation, to recover damages for injuries to his hand while working at a dangerous machine, binding instructions for defendant are proper where it appears by the plaintiff's own testimony that the danger he incurred in putting his hand into the machine (1) was not one involved in the work to which he was put by defendant or anyone representing it; (2) was one so apparent as not to require specific instructions in order to observe and avoid it; and (3) became the occasion of plaintiff's injury through the act of a fellow employee in prematurely starting the machine.

Argued March 1, 1909.   Appeal, No. 58, Jan. T., 1909, by plaintiff, from judgment of C. P. Berks Co., March T., 1907, No. 53, on verdict for defendant in case of Stuart R. Landis, by his next friend and father, Levi S. Landis, v. Curtis & Jones Company, Incorporated.   Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before ERMENTROUT, P. J.

At the trial the jury under binding instructions returned a verdict for defendant.

On rule for a new trial ENDLICH, P. J., filed the following opinion:

At the close of the evidence on the trial of this cause before

the late President Judge ERMENTROUT, he affirmed a point submitted by defendant that "under all the evidence in the case the verdict must be for the defendant," and directed a verdict accordingly. The plaintiff, in support of this rule for a new trial, contends that there was evidence requiring the submission of the case to the jury on the question of defendant's neglect properly to instruct the plaintiff concerning the dangers incident to the operation of the machine at which he was put to work and by which he was injured,—that being the ground whereon, according to the declaration, his case rested.

Putting upon the evidence of the plaintiff the construction most favorable to him, it appears that he was a little over fifteen years old; that he was put to work at the machine in question on Monday morning, June 25, 1906; that he worked at it until late on Tuesday afternoon when the accident occurred; that his business about it was to receive, take away and keep a tally of paper boxes formed by the machine, expelled by it automatically, and sliding down an inclined plane to a table at which plaintiff was to stand; that the machine was operated, fed, started, stopped and controlled by an operator; that occasionally a box would be spoiled and lodge in the machine, which would then be stopped by the operator while plaintiff removed the obstruction; that on the occasion in question a box thus caught in the machine; that the same was stopped; that plaintiff pulled part of the obstructing box out of the machine and reached in again to get the rest; that at that moment the machine was started by the operator, caught the plaintiff and cut off four of his fingers; that he had had no. specific instructions concerning the dangers incident to the operation of the machine or concerning his conduct and duties about it; and that on this occasion, when the machine was stopped the operator motioned to him to remove the obstruction (an allegation explicitly denied by the operator). It is, however, perfectly clear from plaintiff's own testimony that when he was put to work at the machine all he was directed to do about it was to remove the boxes as they were expelled by it and that in so doing at the place assigned him he was in a position of perfect safety beyond the possibility of any harm

or danger and too far from the machine to reach into it. Whatever other orders he took, if any, he took from the operator, a mere fellow servant and not at all the representative of the employer. Neither can there be any doubt that the risk of injury from reaching into the machine was manifest to any person possessed of the ordinary intelligence of one of plaintiff's age. It is conceded that an employee's knowledge that a machine is dangerous does not in itself relieve the employer of the duty of instruction where there may be a safe and unsafe way of working at it: Welsh v. Butz, 202 Pa. 59. But, as declared in Vant v. Roelofs, 217 Pa. 535, as regards a danger "obvious to anyone with reasonable intelligence," "perfectly obvious to anyone," there is no requirement of warning or instruction. It would thus appear by the plaintiff's own testimony, accepted as verity, that the danger he incurred in putting his hand into the machine (1) was not one involved in the work to which he was put by defendant or any one representing it; (2) was one so apparent as not to require specific instructions in order to observe and avoid it, and (3) became the occasion of plaintiff's injury through the act of a fellow employee in prematurely starting the machine. In these circumstances it needs no discussion to show that the plaintiff was not entitled to recover.

But the correctness of the direction of the verdict for defendant is not to be judged of exclusively by the evidence adduced by the plaintiff. It was not based upon that, but upon the defendant's right to a verdict under "all the evidence in the case." An impartial view of the evidence in the case shows it to be overwhelmingly to the effect that the plaintiff was amply instructed and warned over and over again to keep his hands out of the machine and stay at the place assigned him at the table; that at the time when he put his hand into the machine and got caught the machine was running and had not been stopped at all; and that there was no obstruction of it nor anything to indicate the recent removal of an obstruction, which might have caused a stop or accounted for plaintiff's leaving his proper place and reaching into the machine. On all these points the testimony is so abundant in quantity and

so persuasive in character that it would seem to have been imperative upon the court to accept it.   It is true that where the plaintiff's evidence in support of his right to recover amounts to more than a scintilla it is bound to be submitted to the jury. But whether it amounts to more than a scintilla is sometimes a question to be decided with reference to the character and degree of the evidence opposing it, Mead v. Conroe, 113 Pa. 220, 228; Hauser v. R. R. Co., 147 Pa. 440, 447, and in connection with the admitted facts in the case and those established by undisputed evidence: Fisher v. Scharadin, 186 Pa. 565, 568.   As pointed out in Newhard v. R. R. Co., 153 Pa. 417, 420, the controlling facts may thus be so clearly made out that a court in the due administration of justice, must treat them as facts, for the same reason that it assumes the fact of plaintiff's injury,—because of proof that convinces an unprejudiced mind beyond a reasonable doubt.   Such is the state of the evidence here, looked at as a whole, and however unfortunately for the plaintiff, it leaves him without a claim upon the defendant.

The rule to show cause is discharged.

*Error assigned* was in giving binding instructions for defendant.

*Cyrus G. Derr*, with him *Edward S. Kremp*, for appellant.

*C. H. Ruhl*, with him *G. B. & J. B. Stevens*, for appellee.

Per Curiam, April 12, 1909:

It is demonstrated by the opinion of the learned judge of the common pleas that the plaintiff failed to make out a case.

The judgment is affirmed.