# Di Magnio, Appellant, *v.* Jefferson & Clearfield Coal & Iron Co.

*Negligence—Master and servant—Moving machinery—Guards—Act of May 2, 1905, P. L. 352—Contributory negligence.*

In an action by an employee against a coal company to recover damages for personal injuries sustained while engaged in oiling moving cog-wheels, the fact that plaintiff attempted to perform such duty with a coat thrown loosely around him with the sleeves dangling at the sides and one of the sleeves caught in the wheels and caused the injury complained of, convicts him of contributory negligence and precludes him from recovering from his employer, even though the latter has not properly guarded the wheels as required by the Act of May 2, 1905, P. L. 352.

Argued Oct. 4, 1915.    Appeal No. 88, Oct. T., 1915, by plaintiff, from order of C. P. Indiana Co., June T., 1913, No. 263, refusing to take off compulsory nonsuit, in case of Constantino Di Magnio v. Jefferson & Clearfield Coal and Iron Company.    Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before TELFORD, P. J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit which it subsequently refused to take off.    Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*John L. Getty,* with him *Domenick A. Montani,* for appellant.

*B. M. Clark,* with him *John A. Scott,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 3, 1916:

Constantino Di Magnio, the appellant, became an employee of the appellee in 1904, when he was about fourteen years of age, and worked for it continuously in various capacities up to January 31, 1913, when he sustained the injuries for which he seeks to recover compensation in this action.    Prior to January 22, 1913, he had, at times, cleaned the railroad tracks and acted as brakeman and slate picker for the appellee.    On that date he was taken from his work of slate picking and directed to grease and oil certain machinery on the upper story of a coal washery.    This machinery consisted of cog-wheels, gearing and shafting which were unguarded. The appellant admits that, when he was assigned to this new duty, he was instructed how to perform it.    On the night of January 31, 1913, while he was attempting to grease the machinery, his coat was thrown loosely over his shoulders, but buttoned, and, as he reached over the moving cog-wheels to an oil cup, the loose, armless sleeves of his coat came in contact with the wheels, drawing him in contact with them and causing him to lose his left arm.    The nonsuit was entered on the ground of his contributory negligence, the material portion of the opinion refusing to take it off being as follows: "The injury in this case resulted from the fact that the plaintiff wore his coat, his arms not being in the sleeves, loosely over

his shoulders. He reached over the cog-wheels to the oil cup beyond, the loose sleeves coming in contact with the cog-wheels. The plaintiff was thus drawn into contact with these wheels and injured. There can be no doubt that the manner in which he approached the machinery caused his injury, and that he directly contributed to it. It follows that the motion for the compulsory nonsuit was properly directed."

On the trial below the main contention of the appellant, in seeking to convict the appellee of negligence, was that the machinery at which he was injured was within the provisions of the Act of May 2, 1905, P. L. 352, which required the appellee to properly guard it. This contention was not sustained by the learned trial judge, who was of opinion that the duty did not rest upon the appellee to exercise the care required by the Act of 1905, in view of the Act of June 9, 1911, P. L. 756, which provides for the health and safety of persons employed in and about the bituminous coal mines of the State. The term "establishment," as used in the Act of 1905, is defined in the first section of that act to be "any place within this Commonwealth other than where domestic, coal mining or farm labor is employed." Whether the court below improperly held that the machinery of the appellee at which the appellant was injured did not come within the provisions of the Act of 1905, is immaterial, if the plaintiff himself, by his own negligence, contributed to his injuries; for, if he did so contribute to them, it matters not that the appellee might also have been negligent.

At the time the appellant was injured he was twenty-three years of age. After having been instructed how to oil the machinery, he started on his new duties and had performed them for nine days. During this period he, as a man of mature years, is conclusively presumed to have known that if, in attempting to oil the machinery, he reached over the revolving cog-wheels with a loose sleeve of his coat dangling on each side of him, he would

place himself in obvious danger of being drawn between the wheels. This danger was so patent, if he so wore his coat, that the appellee was not required to warn him against it: Vant v. Roelofs, 217 Pa. 535. The appellant having been so clearly guilty of contributory negligence, he cannot recover, even if the Act of 1905 did impose upon his employer the duty of guarding the cog-wheels: Jones v. American Caramel Company, 225 Pa. 644; Solt v. Williamsport Radiator Company, 231 Pa. 585; Izzo v. Finn, 238 Pa. 602.

Judgment affirmed.