## McGeever, Appellant, v. Lehigh Valley Coal Co.

*Negligence—Mines and mining — Unguarded trestle — Act of June 2, 1891, P. L. 176—Contributory negligence.*

A coal company which failed to provide a guard on its trestle in violation of the Act of June 2, 1891, P. L. 176, will not be liable for the death of a workman who fell over the unguarded side of the trestle, if it appears that the deceased went upon the trestle without being required to do so in the discharge of any duty at the time, but simply to gratify his own curiosity.

Argued May 7, 1916.   Appeal, No. 41, March T., 1916, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1912, No. 12, for defendant n. o. v. in case of Ellen Mc-Geever v. Lehigh Valley Coal Company.   Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's husband.   Before FULLER, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for plaintiff for $1,140.00.   Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*M. J. Mulhall*, with him *T. F. McLaughlin*, for appellant, cited: Cramer v. Aluminum Co., 239 Pa. 120.

*P. F. O'Neill*, with him *S. W. Rhoads* and *F. W. Wheaton*, cited: Solt v. Williamsport Radiator Co., 231 Pa. 585

OPINION BY TREXLER, J., April 17, 1916:

The plaintiff's husband was descending a trestle belonging to the defendant and used in its coal mining operations.    This trestle was unguarded.   It had no hand rails along the side as provided by the Act of June 2, 1891, P. L. 176, Art. V, Sec. 5, which provides, "The sides of stairs, trestles and dangerous planks, walks in and around the collieries shall be provided with hand and guard railing to prevent persons from falling over their sides."   On one side of the trestle there was a board walk from eight to ten feet wide, entirely clear of any obstruction and furnished with traverse strips making it convenient to walk thereon.   On the side where decedent was injured there was no path, no one was expected to travel and there was barely room for one to stand between the tracks and the edge of the trestle and on this side the rope attached to the cars which were taken up and down the trestle swung dangerously near the edge of the trestle.   On this narrow space he was passing on the day of the accident and from some unexplained cause was thrown over the trestle to the ground below and received injuries which resulted in his death.   He was not required to go there in the discharge of any duty at the time.   His last utterance to a fellow workman showed that he was led to the place simply to gratify his own curiosity.   Granting for the sake of the argument that there should have been a guard rail at both sides of the trestle, the absence of it did not, standing alone, cause the accident.   The decedent was in a place he had no business to be and in doing this he put those claiming in his right in such a position as to preclude them from recovering for the injury.   Under the circumstances established by plaintiff's own testimony, decedent was so clearly guilty of contributory negligence, that there can be no recovery even if the Act of 1891 did impose upon his employer the duty of providing guard rails.   See DiMagnio v. Jefferson &

Clearfield Coal & Iron Co., 251 Pa. 321, and cases there cited.

The judgment is affirmed.