McCreery, Appellant, *v.* Westmoreland Farm Bureau Co-operative Association.

Argued September 30, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James Gregg,* with him *Louis E. Sensenich* and *Portser, Gregg & McConnell,* for appellant.

*Paul M. Robinson,* for appellee.

OPINION BY MR. JUSTICE JONES, November 10, 1947:

This is an appeal from a judgment of compulsory nonsuit entered in a trespass action. for damages for personal injury. The learned court below acted in the manner stated on the grounds that the plaintiff failed to prove the defendant negligent and that the injury in suit was the result of the plaintiff's contributory negligence. In reviewing the refusal of the court below to take off the compulsory nonsuit entered at trial, we necessarily take the evidence adduced in the plaintiff's case as true, reading it in the light most favorable to him and giving him the benefit of every doubtful or obscure fact and all reasonable inferences that a jury might derive from the evidence: *Lerch v. Bard,* 153 Pa. 573, 575, 26 A. 236; *McGrann v. The Pittsburgh & Lake Erie Railroad Company,* 111 Pa. 171, 183, 2 A. 872; *Hill v. The Nation Trust Company,* 108 Pa. 1, 3. So viewed, the following facts may be taken as established.

The plaintiff, Harry McCreery, a farmer, left grain to be ground and mixed with concentrate at the plant of the corporate defendant, Westmoreland Farm Bureau Co-operative Association, located in Ligonier, West-

moreland County. He returned a short time later and, not finding his grain processed, began walking about the plant. Seeing what he believed to be grain (actually concentrate) piled on a floor at the base of a large pipe and mixer, he reached with his left hand into the pile for a sample for his inspection. As a consequence, his hand was caught and severely injured in the worm-gear machinery of the mixer located underneath the concentrate and below the level of the floor. The plaintiff's evidence in conjunction with two accurately representational photographs (offered by the defendant in connection with the cross-examination of the plaintiff and received in evidence with the plaintiff's approval) reveals that the pile on the floor consisted of concentrate which mounted to a height of approximately six inches above the level of the floor and completely hid from view a rectangular opening in the floor (forming the upper part of a sort of hopper) underneath the concentrate. The opening of the hopper at the floor level was fifteen by eighteen inches. A large pipe, approximately fourteen inches in diameter, standing in an upright position and with its lower end below the floor level, formed one side of the hopper whose other three sides sloped inward below the floor level toward the bottom of the pipe. Three iron bars across the base or bottom of the hopper and about even with the lower end of the upright pipe were situated immediately above the worm gear which, according to the plaintiff's testimony, was in its position six inches below the floor level. Four upright metal posts constituted the support of a large funnel-shaped and cylindrical metal hopper which stood up in the room over the hopper in the floor. The funnel-shaped end of the large, cylindrical metal hopper was joined, about four feet above the level of the floor, to the vertical pipe which descended into the hopper in the floor. The plaintiff testified that he had been in the grinding room before; that the machinery was running; that he could hear it running; and that when his hand got caught, he

had leaned over and reached down pretty far, i.e., into the hopper below the floor level.

The duty of a possessor of premises toward a business invitee is an affirmative one, viz., to keep the premises in a reasonably safe condition or warn of dangers thereon which the occupier knows or should know exist: see *Curt v. Ziman,* 140 Pa. Superior Ct. 25, 29, 12 A. 2d 802, and cases there cited. There is no duty, however, upon the possessor of land to warn or guard a business invitee against a danger that is obvious: *Curt v. Ziman,* supra; *Walker v. Broad and Walnut Corporation et al.,* 320 Pa. 504, 506, 182 A. 643; *Rice v. Kring,* 310 Pa. 550, 555, 165 A. 833; *Vant v. Roelofs,* 217 Pa. 535, 537, 66 A. 749. See also Restatement, Torts, §343.

On the basis of the legal principles applicable, there is no liability on the defendant in the instant case. The testimony adduced by the plaintiff failed to prove anyone negligent save himself. There is not a word of evidence that the defendant did not keep its plant in a reasonably safe condition or that, under the circumstances, there should have been guards or other protection over the grain or concentrate flowing down into the hopper in the floor or that warning signals above the floor over the worm gear underneath should have been posted. On the other hand, there was no occasion, and by the same token no duty, requiring the owner or occupier of the premises to warn the business invitee of the worm gear. The presence of the machinery with its moving parts and potential danger should have been obvious to any mature or ordinarily discreet person. That is manifest from the plaintiff's own testimony as well as from the photographs in evidence. As the learned judge who wrote the opinion for the court below aptly observed,—"Certainly, it cannot be seriously contended that anyone in the near vicinity of grain grinding machinery would not know, from the noise, and more or less vibration which accompanies its operation, that there were moving parts at some place in the apparatus,

through which the grain would move in order to be ground". From the undisputed facts and physical circumstances, the conclusion is inescapable that a reasonably prudent person, exercising due care and caution for his own safety, would have seen and heard the machinery and have recognized the danger present. Consequently, there is nothing in the case that would warrant a finding that the plaintiff's injury was the result of negligence on the part of the defendant. The judgment of nonsuit was, therefore, properly entered.

So much disposes of the present appeal. But, we feel it not inappropriate to point out that the facts just mentioned in confirmation of the absence of any negligence on the part of the defendant at once convict the plaintiff of contributory negligence as a matter of law. The burden on the plaintiff, it is true, was no more than to establish a case of liability on the part of the defendant, free and clear of contributory negligence on his own part: *Grimes v. Yellow Cab Co.*, 344 Pa. 298, 305, 25 A. 2d 294; *Husvar v. Delaware, Lackawanna & Western Railroad Company*, 237 Pa. 295, 297, 85 A. 366. But, " '. . . in clear cases, where the facts are settled and there can be no reasonable doubt as to the inferences to be drawn, the question [of contributory negligence] may be determined by the court as a matter of law' ": *Rice v. Kring*, supra, at p. 556.

The plaintiff's testimony to which we have substantially referred discloses that he had been in the grinding room previously, that the machinery was running and that he heard it running. The danger, such as it was, was obvious. Indeed, it was only by stooping over and extending his hand down into the pile of concentrate six inches below the level of the floor and under the end of the upright pipe leading to the mixer that the plaintiff laid himself open to his injury. As a consequence, he must justly be held to have failed to exercise that degree of care reasonably to be expected of a person solicitous for his own safety and exercising due caution

to that end: see *Szanborsky v. Armour & Co.*, 306 Pa. 525, 160 A. 219; *Landis v. Curtis & Jones Company, Incorporated*, 224 Pa. 400, 73 A. 424; *Curt v. Ziman*, supra; *Walker v. Broad and Walnut Corporation*, supra.

The learned court below correctly distinguished the cases cited by the plaintiff,—"all of them [being] cases in which some defect was permitted by defendant to exist in or upon the premises, which caused plaintiff's injury, and of which the plaintiff had no knowledge, and was not legally required to anticipate": e.g., *Vetter v. Great Atlantic & Pacific Tea Co.*, 322 Pa. 449, 185 A. 613; *Durning v. Hyman*, 286 Pa. 376, 133 A. 568. The additional case of *Barron v. Hydrotated Anthracite Fuel Co.*, 159 Pa. Superior Ct. 35, 46 A. 2d 506, which the appellant now urges upon us as controlling, was likewise correctly distinguished by the court below from the instant case on the ground that in the *Barron* case the plaintiff, for business purposes, was required to come into what proved to be dangerous proximity to the fans installed and maintained by the defendant inviter. In no view was the plaintiff in that case a careless meddler as was the present appellant.

Judgment affirmed.