Jose A. **RODRIGUEZ**

v.

**BRUNSWICK CORPORATION,**
Appellant.

No. 15442.

United States Court of Appeals
Third Circuit.

Argued Jan. 6, 1966.

Decided Aug. 4, 1966.

Richard B. Wickersham, Harrisburg, Pa. (Christian S. Erb, Jr., Metzger, Wickersham & Knauss, Harrisburg, Pa., on the brief), for appellant.

Heath L. Allen, Harrisburg, Pa. (Hull, Leiby & Metzger, Harrisburg, Pa. on the brief), for appellee.

Before BIGGS, GANEY, and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

This is an appeal by defendant in a diversity case from a judgment entered on a jury's verdict in favor of plaintiff in the amount of $30,000, reduced on remittitur to $28,600.

Plaintiff, a native of Puerto Rico, was a Sergeant in the Armed Forces of the United States, and from 1959 to 1961 was stationed at Walter Reed Hospital in Washington, D. C., where he managed the bowling alley in addition to coaching the baseball team and participating in athletics. In 1961, in order to qualify him to service the Brunswick automatic bowling pinsetters, the Army ordered him to attend a four-week course of instruction at the Brunswick Automatic Pinsetter School, conducted by the defendant in Harrisburg, Pennsylvania. The purpose of the automatic pinsetter is to replace all the manual operations previously carried out by a pinboy.

Plaintiff came to the school with no mechanical experience whatever and with a limited command of the English language. The school accepted him, although it had asked the Army not to send him because he had failed the school's enrollment test. This consisted of a number of aptitude tests given by the defendant to measure his intellectual intelligence and his ability to think in abstract forms, and a mechanical comprehension test. Once he was enrolled, defendant treated plaintiff no differently from the students who had passed the tests.

The course was given for five days each week. Two instructors usually supervised a class of twenty-four students, but in the course which plaintiff took there was one instructor. The first week of instruction was devoted to classroom work explaining the theory of the machine and its general operation. In the second week the students began to work on the machine in groups of four students for each of the six machines, which were located in one room. The third week was given to instruction and practice in the disassembly and reassembly of the machines, in which the students worked in groups of four for each machine.

Plaintiff began his course on February 6, 1961. On Wednesday, February 22, 1961, during the third week of instruction, plaintiff and his fellow students had gone through two and one-half days of experience in disassembling and reassembling the machines. While the six teams were competing in disassembling the machines plaintiff reached his right arm into a machine and took hold of a hook in order to save time by causing the machine to skip a stage in its operation. To accomplish this it was necessary that the machine be turned on while he held the hook. Plaintiff intended to remove his arm after the machine was activated, but one of his teammates prematurely switched on the current, which caused a rake in the machine to strike

and fracture the plaintiff's arm before he could remove it, with resultant partial permanent disability which required his retirement from the Army.

Defendant contends that there was no proof of its negligence, that plaintiff was contributorily negligent as a matter of law, and that the court below committed errors in its charge.

## I.

■ There is adequate evidence in the record, which must be read favorably to the plaintiff, to justify the finding of the jury that the defendant was negligent. The jury could have found that the defendant was negligent in the manner in which it operated its school, and in manufacturing and using the machine without a protective screen which would have shielded the side from which plaintiff reached into the machine.

Defendant not only accepted plaintiff as a student knowing his inadequacies in ability and in communication, but also closed its eyes to its knowledge by treating him indiscriminately with the qualified students. What is more, it engaged all the students in competition among themselves, in which speed of operation, necessarily based on skill and comprehension, became significant elements. The jury could have found that little attention was paid to safety precautions. But what is more important in the proof of negligence is the plaintiff's evidence that he had seen his instructor and two other students hold the hook in order to save time, just as he later did, and that he was never told not to do so himself. In fact, when asked if anyone else had placed his arm in the same position as he had done, he replied, "We do it every day." The jury could fairly have inferred that the instructor, who had done the same thing himself, saw it done by students and did not warn them against it.

■ The jury could have found, therefore, that defendant supplied but one instructor for twenty-four men working in teams of six, that it placed each team in competition with the other, that it totally disregarded the differences in the extent of each man's knowledge and skill, that its instructor himself held down the hook and saw others do the same thing, thereby encouraging by his example and by his silence the repetition by the competing students of the dangerous act. Negligence is the failure to exercise due care, and this means due care under the circumstances of the particular situation. A teacher's superiority in knowledge and experience imposes responsibilities in his dealing with students which become an inherent element in measuring his compliance with the due care which is required of him. A teacher may not, either by express instruction, or by his own example or his permission to others, teach a student to act in a manner which is unnecessary in the process of instruction and dangerous to his safety. If there were no other evidence in the case, the testimony that the instructor himself had held the hook in order to save time and had permitted others to do it, no matter how infrequently, was enough to support a conclusion that defendant fell below the standard of reasonable care in giving instruction.

■ In addition to this, the evidence showed that a small, inexpensive screen or shield could have been provided to prevent access on the side of the machine. Since in commercial use the machines are placed directly adjacent to each other so that the sides are inaccessible, and they can therefore be conveniently repaired only from above and in front, there was no necessity to use the machines in the school without screens. If the machines had been screened the plaintiff would have been unable to put his arm in from the side. Nevertheless, the students, including the plaintiff, were permitted and by example encouraged to work from the side of the machines, thus creating the danger of accident. This evidence too the jury had a right to consider and from it to determine that the defendant was negligent in the maintenance of the equipment in its school.

In either case, therefore, because of the negligent instruction or the negligent maintenance of the machines, there was ample support for the jury's finding of the defendant's negligence.

## II.

■ The main contention of the defendant is that plaintiff's evidence shows that he was guilty of contributory negligence as a matter of law. The strict rule prevails in Pennsylvania that if the negligence of the plaintiff contributed in any degree, however slight, to his injury, he is guilty of contributory negligence and cannot recover even though the defendant was negligent. See Crane v. Neal, 389 Pa. 329, 332–333, 132 A.2d 675 (1957).

■ Appellant claims that plaintiff convicted himself of contributory negligence as a matter of law by his testimony that he put his arm into the machine as far as the elbow knowing that in order to accomplish his purpose of skipping a stage in the operation of the machine, the machine would have to be turned on while he was holding the hook, and that unless he removed his arm in time it would be caught by the descending rake. Plaintiff testified, however, that there usually was adequate time to withdraw his arm. Indeed, in saying that this had been done before, he testified: "We used to hold the hook and give the orders to pull the switch."

The plaintiff was not a user of the machine, required to abstain from dealing with it in a dangerous manner. On the contrary, he was being taught how to assemble and disassemble the machine and how to operate it, and the jury might have found that in order to teach him to do so with increasing speed defendant encouraged him to deal with the machine in a manner quite different from that of an ultimate user. The jury could have found, therefore, that the danger inherent in reaching into the machine did not render the action negligent in the circumstances, although it might have been so in the case of a normal user. The case therefore is much different from

those cited by the appellant, where the injured party who knowingly reached into a dangerous machine was not engaged in learning its use and repair. See Jones v. Jones, 390 Pa. 427, 136 A.2d 102 (1957); McCreery v. Westmoreland Farm Bureau Co-op. Ass'n, 357 Pa. 567, 55 A.2d 390 (1947); Landis v. Curtis & Jones Company, Inc., 224 Pa. 400, 73 A. 424 (1909); Curt v. Ziman, 140 Pa. Super. 25, 12 A.2d 802 (1940).

We hold, therefore, that while the jury was not bound to do so, it nevertheless was justified in holding the plaintiff free from contributory negligence.

## III.

Appellant attacks the charge of the court below because the trial judge in instructing the jury regarding contributory negligence said that it must be a "proximate contributing cause" or "a proximate cause, which contributed" to the plaintiff's injury.

In his charge the judge instructed the jury: "If you conclude that there was negligence on the part of the defendant which constitutes a proximate cause of the plaintiff's injuries, you will then consider the second question: Whether or not there was such contributory negligence on the part of the plaintiff which was a *proximate contributing cause* as would under the instructions I am about to give you prevent a recovery by the plaintiff? * * *

"If you find negligence on the part of the defendant, its agents or employees, which constitutes a proximate cause, your verdict would be for the plaintiff, unless as I have already pointed out you also find contributory negligence on the part of the plaintiff as a *proximate cause, which contributed* in any degree to the injury." Later in the charge the court went on to say: "If in the light of what I have said you conclude that the defendant was guilty of negligence and that such negligence was the proximate cause of the injury, and that the plaintiff was free from contributory negligence, and you accordingly conclude to find a verdict for the plaintiff, you will

then proceed to determine the damage which the plaintiff has sustained by reason thereof." At the conclusion of this charge the trial judge affirmed defendant's points for charge which stated the law in harmony with defendant's contention. Those points read:

"2. We instruct you that there is not the slightest doubt under the law of Pennsylvania that a plaintiff is guilty of contributory negligence and cannot recover if his negligence contributed in any degree, however slight, to the injury. * * *

"10. If you find, under all of the evidence, that the plaintiff Rodriguez knew of the danger involved in placing his right forearm into the pinsetter machine, and based upon his prior experience with handling bowling equipment and his prior training at the Brunswick School, should have known of the risks involved in the operation of the machine, the plaintiff then assumed the risk of operating the machine and your verdict may [1] be for the defendant."

After affirming defendant's Point No. 10, the trial judge added: "Fundamentally, the basic question here is was the plaintiff in the light of such knowledge that he had, guilty of negligence which either caused or contributed to the accident."

The defendant did not except to the charge. Indeed, at the conclusion of the charge the judge, after noting exceptions to both plaintiff and defendant for the refusal of their respective points, asked, "Do you have anything to add?", and defendant's counsel responded, "We have nothing to add * * *".

In the *Crane* case, supra, the Pennsylvania Supreme Court reiterated its rule that any negligence on the part of a plaintiff, however slight, which contributes to the injury bars recovery, but made it clear that reference to proximate cause should not be included in describing contributory negligence to the jury. (389 Pa., at 332–334, 132 A.2d 675). This being the settled Pennsylvania law, the question is whether the charge so misled the jury that it constituted fundamental error which we should notice even though defendant failed to make the objection required by Rule 51.

Proximate cause has varied meanings and has presented difficulties in the efforts to make it understandable and meaningful to juries.[2] We are satisfied that the inaccuracy in the court's reference to proximate cause was substantially corrected by the affirmance of defendant's Points No. 2 and No. 10, and that any residual harm which may have remained thereafter was not so prejudicial as to constitute fundamental error. In the *Crane* case, upon which defendant heavily relies, the defendant not only took a general exception to the charge, but specifically excepted to the court's definition of contributory negligence and its statement as to the necessity that it be the proximate cause of the accident. (389 Pa., at 332, 132 A.2d 675). Here defendant took no exception, general or specific, but rested content with the charge when called upon by the court for the expression of any dissatisfaction with it.

The remaining objections dealing with the denial of certain points for charge require no discussion.

The judgment of the court below will be affirmed.

---

I. The judge correctly substituted "may" for "should", which appeared in the point for charge.

2. See Domeracki v. Gulf Oil Corporation, 202 F.Supp. 89 (E.D.Pa.1962).