# H. D. LINDSAY, ADM'R OF PELKY ESTATE,

## v.

## CANADIAN PACIFIC RAILROAD CO.

### MAY TERM, 1896.

*Liability of railroad company to child trespassing upon its track. Evidence. Contributory negligence of parents.*

1.  Evidence that a part of the defendant's railroad yard was used as a comon passage way and playground by children, was admissible upon the question whether the defendant's servants exercised proper care in backing their engine over that locality, whereby the intestate, a two-year-old child, was killed.

2.  *Held*, that it was a question of fact for the jury whether the servants of the defendant were guilty of negligence in backing the engine onto intestate, a child two years old, who had escaped from the care of its parents and got upon the track of the defendant without right.

3.  *Held*, further, that it was a question of fact for the jury whether the parents of the intestate were guilty of contributory negligence in suffering the intestate to go upon the track under the circumstances shown.

Case for negligence, Plea, the general issue. Trial by jury at the September term, 1895, Orleans county, START, J., presiding. At the close of the testimony the court directed a verdict for the defendant. Plaintiff excepts.

*Cook & Redmond* for the plaintiff.

Although the person is a trespasser upon the railroad track, still the employees of the company are bound to exercise reasonable care when they discover or ought to have discovered the presence of such person there. *Mitchell* v. *Boston & Maine, N. H.*; *Bemis* v. *Conn. & Pass. Rivers Rd. Co.*, 42 Vt. 375; *Trow* v. *Vt. Central Rd. Co.*, 24 Vt. 478; *Felch* v. *Concord Rd. Co.*, 29 Atl. Rep. 557; *Isabell* v. *N. Y. & N. H. Rd.*, 71 Am. Dec. 78; *Troy* v. *Cape Fear etc. Rd. Co.*, 98 N. C. 298: *Kerwhacker* v. *Cleveland etc. Rd. Co.*, 3 Ohio 172; *McMashall* v. *Chicago, R. I. & P. R. Co.*, 80 Iowa 757; *Townley* v. *Chicago, M. & St. P. R. Co.*, 4 Am. & Eng. R. R. Cas. 562; *Clampit* v. *Chicago & St. P. R. Co.*, 49 Am. & Eng. Rd. Cas. 468; *Conley* v. *Cinn. etc. Rd. Co.*, 41 Am. & Eng. Cas. 537; *Lynch* v. *St. J. & I. Ry. Co.*, 19 S. W. 1114; *Dean* v. *Wilmington etc. Rd. Co.*, 45 Am. & Eng. Rd. Cas. 45; *Guenther* v. *St. Louis etc. Rd. Co.*, 34 Am. & Eng. Rd. Cas. 47; *Cinc. etc. Rd. Co.* v. *Kassen*, 16 Law. Rep. Ant. 674; *H. & T. C. Ry. Co.* v. *Sympkins*, 54 Tex. 615; *Virginia Midland Rd. Co.* v. *White*, 22 Va. 1888; *Gunn* v. *Ohio River Rd. Co.*, 36 W. Va. 165; *Fielder* v. *St. L. etc. Rd. Co.*, 107 Mo. 645; *Chicago, Burl. & Q. Rd. Co.* v *Wymore*, 59 Am. & Eng. Rd. Cas. 540; *Raines* v. *Chesapeake & O. Rd. Co.*, 60 Am. & Eng. Rd Cas. 75; *Chicago, Burl. & Q. Rd. Co.* v. *Gablin*, 38 Neb. 90; *Atchison, T. & S. F. Rd. Co.* v. *Calvert*, 52 Kan. 574; *Lay* v. *Richmond etc. Rd. Co.*, 42 Am. & Eng. Rd. Cas. 110; 2 Wood's Railway Law, page 1264, s. 320; *Swift* v. *Staten R. T. Co.*, 45 Am. & Eng. Rd. Cas. 45; *Whalen* v. *Chicago & N. W. Rd. Co.*, 75 Wis. 654; *Barry* v. *N. Y. C. & H. Rd.*, 92 N. Y. 290; *Quimby* v. *Vermont Central Rd. Co.*, 43 Vt. 375.

This is particularly so when the one injured is a child of tender years, who cannot be guilty of negligence. *Ferguson* v. *Railway Co.*, 77 Ga. 102; *Railway Co.* v. *Hendrick*, 25 Pac. Rep. 161; *Bridges* v. *Railway Co.*, 45 S. C. 24;

*O'Malley* v. *Railway Co.*, 45 N. W. Rep. 460; *Union Pac. Ry. Co.* v. *McDonald*, 152 U. S. 262; *Bennett* v. *Southern Pac. Ry.*, 91 Cal. 296.

The fact of negligence depends upon the circumstances and is a question for the jury. *Gorman* v. *Pac. Rd. Co.*, 26 Mo. 448; *Fielder* v. *St. Louis etc. Rd. Co.*, 54 Am. & Eng. Rd. Cas. 162; *Baker* v. *Rd. Co.*, 98 Mo. 50; *Trow* v. *Vt. Central Rd. Co.*, 24 Vt. 487; *Bemis* v. *Conn. & Pass. Rivers Rd. Co.*, 42 Vt. 375.

Evidence that children were frequently upon the track where the accident occurred and that this must have been known to the employees of the defendant was admissible as bearing upon their negligence in not ascertaining the presence of the intestate there. *Townley* v. *Chicago, M. & St. P. R. Co.*, 4 Am. & Eng. Rd. Cas. 562; *Clappit* v. *Chicago etc. Ry. Co.*, 49 Am. & Eng. Rd. Cas. 468; *Davis* v. *Chicago etc. Ry. Co.*, 58 Wis. 646; *Barry* v. *N. Y. C. & H. R. Rd.* 92 N. Y. 289; *Swift* v. *Staten Island R. T. Co.*, 45 Am. & Eng. Rd. Cas. 180; *Conley* v. *Cinn. etc. Rd.*, 41 Am. & Eng. Rd. Cas. 537; *St. Louis, Arkansas & Texas Rd. Co.* v. *Crosnoe*, 37 Am. & Eng. Rd. Cas. 313; Note to 34 Am. & Eng. Rd. Cas. 20; *Byrne & N. Y. Cent. & U. R. Rd. Co.*, 104 N. Y. 362; *Troy* v. *Cape Fear etc. Rd. Co.*, 99 N. C. 298: *Hoppe* v. *Chicago etc. Rd. Co.*, 61 Wis. 357; *St. Louis etc. Rd. Co.*, v. *Monday,* 49 Ark. 257; *Bouwmeester* v. *Grand Rapids etc. Ry. Co.*, 67 Mich. 87; *Whalen* v. *Chicago etc. Rd. Co.*, 75 Wis. 654; *Bergneau* v. *St. Louis etc. Ry.*, 88 Mo. 678.

*W. D. Crane* and *Bates & May* for the defendant.

The intestate was a trespasser upon the tracks of the defendant and the defendant owed him no duty unless the danger was actually seen and might have been avoided by reasonable care upon the part of its employees. *Johnson* v. *Irasburg*, 47 Vt. 28; *Pierce* v. *Whitcomb*, 48 Vt. 127; *Sawyer*

*v. R. & B. Rd. Co.*, 27 Vt. 370; *Wright* v. *Geer*, 6 Vt. 151; *Bemis* v. *Rd. Co.*, 42 Vt. 375; *Jackson* v. *Rd. Co.*, 25 Vt. 156; *Chrystal* v. *T. & B. Rd. Co.*, 105 N. Y. 164; *Candelaria* v. *A. T. & S. F. Ry. Co.*, 48 Am. & Eng. Rd. Cas., 565; *Moore* v. *Penn. Rd. Co.*, 4 A. M. & Eng. Cas., 569; *Cauley* v. *Rd. Co.*, 40 Am. Rep., 664; *Phil. & Reading Rd. Co.* v. *Hummell*, 44 Penn. 375; *Little Schuylkill N. R. & Co.* v. *Norton*, 24 Penn. 465; *Pittsburg, Ft. Wayne & C. R. Co.* v. *Collins*, 87 Penn. 405; *Same* v. *Hetherington*, 83 Ill. 510; *McCarty* v. *D. & H. Co.*, 27 Hun. 74; *Kansas P. Rd. Co.* v. *Ward*, 4 Col. 30; *Rothe* v. *M. & St. P. Rd. Co.*, 21 Wis. 256; *Cogswell* v. *Oregon Cent. Ry.*, 6 Ore. 417; *O'Donnell* v. *Missouri Pac. Rd.*, 7 Mis. 190; *Lange* v. *Holliday Creek Rd. Co.*, 42 Iowa 677; *Van Scoech* v. *H. R. Rd. Co.*, 43 N. Y. 527; *Burg.* v. *C. R. I. & P. Ry.*, 60 Am. & Eng. Rd. Cas. 159; *Wood* v. *So. Pac. Ry. Co.*, 60 Am. & Eng. Rd. Cas. 34; *Hartfield* v. *Raper & Newall*, 21 Wendall 613; *Spicer* v. *C. & O. Rd.*, 45 Am. &. Eng. Rd. Cas. 28; *Richmond & D. Rd. Co.* v. *Anderson*, 31 Gratt. 812; *Houston & T. Rd. Co.* v. *Smith*, 52 Tex. 178; *Johnson* v. *B. &. M. Rd. Co.*, 125 Mass. 75; *Daniels* v. *N. Y. & N. E. Ry. Co.*, 48 Am. & Eng. Rd. Cas. 539; *Walch* v. *Fitchburg Rd.*, 145 N. Y. 301; *Morrisey* v. *Providence etc. Ry. Co.*, 15 R. I. 279.

This rule applies to children of tender years as well as adults. *A. & C. A. Ry. Co.* v. *Grovett*, 93 Ga. 363; *Bulger* v. *Albany Rd. Co.*, 42 N. Y. 459; *McKinney* v. *N. Y. C. & H. R. Rd.* 8 Dailey, 304; *Walters* v. *C. & R. I. P. Rd. Co.*, 41 Iowa 71; *Citizens' St. Ry. Co.* v. *Carey*, 56 Md. 396; *Meyer* v. *Midland P. R. Co.*, 74 N. C. 655; *Schwier* v. *N. Y. C. & H. R. Rd. Co.*, 15 Hun. 572; *Louisville & Nashville Rd. Co.* v. *Green's Admr.*, 19 Am. & Eng. Rd. Cas. 95; *Same* v. *Howard's Admr*, 19 Am. & Eng. Rd. Cas. 98; *Scheffler* v. *M. & St. L. Rd. Co.*, 19 Am. & Eng. Rd. Cas. 175; *Frick* v. *St. L. etc. Rd. Co.*, 76 Mo. 542.

The parents of the intestate, who are the parties in inter-est in this suit, were guilty of contributory neglect in allow-ing the intestate to go upon the track, and cannot recover. *C. R. R.* v. *Vaugh*, 93 Ala. 209; *Fitzgerald* v. *St. P. M. & M. Ry. Co.*, 8 Am. & Eng. Ry. Cas. 310; *Mangum* v. *Brooklyn Rd. Co.*, 38 N. Y. 455; *Nolan* v. *Rd. Co.*, 53 Conn. 461; *Jeffersonville Rd. Co.* v. *Bowen*, 49 Ind. 154; *Stetson* v. *Hannibal & St. J. Rd. Co.*, 67 Mo. 671; *Belle-fountaine Rd. Co.* v. *Snider*, 24 Ohio, 670; *Morrison* v. *Erie Rd. Co.*, 56 N. Y. 302; *G. S. Rd. Co.* v. *Honton*, 53 Ala. 70; *Grant* v. *Fitchburg Ry. Co.*, 160 Mass. 16; *Holly* v. *Boston Gas Light Co.*, 8 Gray 123; *St. L. I. M. & S. Rd. Co.*, v. *Freeman*, 36 Ark. 41; *Wright* v. *W. & M. Rd. Co.*, 4 Allen 283; *Glassey* v. *H. M. & F. Rd. Co.*, 57 Penn. 172; *Cauley* v. *Pittsburg Rd. Co.*, 2 Am. & Eng. Rd. Cas. 4; *Wait* v. *N. E. Rd. Co.*, 96 Eng. Com. Law. 719; *Johnson* v. *Chicago Ry. Co.*, 49 Wis. 429; *Weeks* v. *C. R. Ry. Co.*, 56 Cal. 513; *Bambergall* v. *Citi-zens' S. R. Co.*, 31 S. W. Rep. 113; *City of Pekin* v. *Mc-Mahon*, 154 Ill. 141; *Westerberg* v. *Rd. Co.*, 66 Miss. 560; *Pratt Coal & Iron Co.* v. *Browley*, 83 Ala. 371; *Casey* v. *Smith*, 152 Mass. 294; *Dudley* v. *Westcott*, 18 N. Y. St.; *Brown* v. *Rd. Co.*, 58 Me. 468; *Leslie* v. *Lawton*, 62 Me. 468; *Singleton* v. *E. C. Ry.*, 7 Com. Bench N. S. 287; *Mangum* v. *Atherton*, 1 Exch. 239; *Pittsburg & F. W.* v. *Vinning's Admr.*, 27 Ind. 519; *L. & I. Rd. Co.*, v. *Huff-man*, 28 Ind. 287.

TYLER, J. The following are the material facts which the plaintiff's evidence tended to show : That it was the duty and practice of the defendant's shunting crew to go with a shunting engine into the yard of the Boston and Maine R. R. Co., in the village of Newport, and pass along down the track to granite sheds after cars. This was done sometimes

once a day, sometimes not oftener than once or twice a week, and some weeks not at all.

The Pelkey house in which the intestate lived with her father and mother and three other small children, was situated between Coventry Street and said track, the rear of the house being from six to ten feet from the track. The family had lived there about four years. The house next north of the Pelkey house was known as the Mizo house, the rear of which was also within a few feet of the track. Between these houses there was an unobstructed space of ten or twelve feet, extending from the street to the track. North of the Mizo house were other houses fronting the street, their rear ends facing the yard of the Boston and Maine. The portion of the street in the vicinity of said houses was thickly settled and had been for three or four years prior to the accident, and there were quite a number of children in that vicinity.

The plaintiff's mother left her house just before seven on the evening of the accident, July 2, 1894, to go to a store on an errand, but directly returned to the house for some money, and left again soon after seven. Before leaving she noticed that her children were on the veranda, from which she took the intestate, who was about two years old, and put her in a baby-carriage on the walk in front of the house, where there were three or four other children, playing, and left her there in charge of her cousin Rose, a girl ten years of age. After Mrs. Pelkey went away Rose wheeled the intestate in the carriage in front of the house until she heard a six-year-old sister of the intestate cry from behind the house, when she took the intestate from the carriage, carried her up a flight of four steps and placed her in a chair on a platform directly in front of the door of the Pelkey house near the sidewalk. Rose then ran round the house to the crying child, whom she got, and returned immediately to the place where she had left the intestate, but the intestate was gone. Rose then ran between the Pelkey house and the Mizo house in search of her, saw

her standing on the track and the engine approaching her. Rose hurried towards her, but fell just before reaching her, and the engine struck the intestate and killed her.

Shortly before the accident the engineer and two brakemen, pursuant to orders, took a mogul engine, which was much larger than the one generally in use there, and ran down the track of the Boston and Maine past the Pelkey house, to couple to and pull up a car standing near the granite sheds. When the car was attached they ran the engine backward past the Pelkey house, where it ran over and killed the child. The engine moved at the rate of about four miles an hour. The engine and tender were sixty feet long, and it was fifty-five feet from the rear end of the tender to the point where the child was struck. It was not more than two or three minutes from the time the engine passed that point till its return. The engineer knew that there was no fence between the track and the house. At the time of the accident the father was away at his usual night employment. The plaintiff's counsel offered to show that children were in the habit of playing upon these tracks, and that the space between the Pelkey house and the Mizo house was a common passage way for people going to and from the street across the tracks, and claimed that the shunting crew, by reason of the frequency of their trips, must have known or ought to have known these facts. The evidence was excluded, to which the plaintiff excepted.

There was no evidence tending to show that any one of the shunting crew saw the intestate on the track. The plaintiff's evidence tended to show that they were so situated in respect to the engine, cars and tracks that they could not see her. When the evidence was closed the court, on motion, directed a verdict for the defendant, to which the plaintiff excepted.

The rule of law adopted by the court below, and which the defendant's counsel contend for is, that the plaintiff

being a trespasser upon the railroad track, the defendant owed her no duty beyond that of exercising reasonable care not to injure her after her presence on the track was discovered ; that though she was of such tender age that negligence was not imputable to her, her parents were guilty of negligence in not preventing her from running onto the track, and that the plaintiff was constructively chargeable with their negligence.

There are two lines of authorities upon this subject in which opposite views are maintained. We quote briefly from a few of them :

*Chrystal* v. *R. R. Co.*, 105 N. Y. 164, 31 Am. and Eng. R. R. Cas. 411, was an action to recover for damages to an infant seventeen months old. The accident occurred in a sparsely settled village, the infant having escaped from its mother. The court said :

" The sole negligence charged, as we understand it, is that the engineer ought sooner to have discovered the plaintiff upon the track and stopped the train before it reached him.   *   *   *   An engineer is not bound to stop his train the moment he sees some living object on the track.   *   *   * He is not bound to expect helpless infants on the track without sufficient knowledge or ability to escape when warned of danger.   *   *   *   He could not know when he first saw plaintiff that he was too young to be conscious of the danger to which he was exposed, and without the imputation of negligence, he could run on until he discovered that he was heedless of the danger.   Reasonable care in the management of trains which must make their time between stations, and have the right of way does not require more.   *   *   *   All the engineer was bound to do after the discovery of the peril was to use reasonable diligence and care to avert it."

In *Cauley* v. *R. R. Co.*, (Pa.) 40 Am. R. 664, the accident occurred in a populous suburb of Philadelphia. The court said :

" But if the use of a railroad is exclusively for its owners or those acting under them, if others have no right to be

upon it, they are wrong-doers whenever they intrude. The parties lawfully using it are under no obligation to take precautions against possible injury to intruders upon it. Ordinary care they must be held to; but they have a right to presume and act upon the presumption that those in the vicinity will not violate the laws, will not trespass on the right to a clear track; that even children of tender age will not be there, for though they are personally irresponsible they cannot be upon the railroad without a culpable violation of duty by their parents or guardian. Precaution is a duty only so far as there is reason for the apprehension. No one can complain of want of care in another where care is only rendered necessary by his own wrongful act. * * * If the rule against trespassers on railway tracks is made to depend upon the intelligence and age of the trespassers it is easy to see that the law upon this subject will very soon become involved in inextricable confusion."

The same court in *P. & R. R. Co.* v. *Hummel*, 44 Pa. St. 375 :

" It is time it should be understood in this state that the use of a railroad track, cutting or embankment, is exclusive of the public everywhere, except where a way crosses it. This has more than once been said, and it must be so held, not only for the protection of property, but what is far more important, for the preservation of personal security, and even of life. In some other countries, it is a penal offence to go upon a railroad. With us, if not that, it is a civil wrong of an aggravated nature, for it endangers not only the trespasser, but all who are passing or transporting along the line."

In *Morrissey* v. *R. R. Co.*, 126 Mass. 377, a child four years old was run over in a cut through a ledge at a point on defendant's track opposite an opening by the side of the track where there was no fence, through which was a path open to every one to use, but not as a public way, highway, or traveled place where the defendant was required by statute to maintain warning boards, or where the plaintiff or his mother had any private rights, but at a point where the rail was visible from the station to the place where the plaintiff was hurt. The court said in discussing the case:

"The plaintiff at the time of the injury was a mere intruder and trespasser on the railroad track.    *    *    *    But was there merely for his own amusement and was using the track as a playground.    The defendant corporation owed him no duty except the negative one not maliciously or with gross and reckless carelessness to run over him."

If the train had been running through a village, where dwelling houses were situated near the track upon which children were likely to and often did wander, and this was known or ought to have been known to the engineer, the decision in the above case might have been different, for in *Lovett* v. *R. R. Co.*, 9 Allen 557, that court adopted the rule laid down in Hill. on Torts that:

"The fact that a plaintiff is a trespasser or violator of the law does not of itself discharge another from the observance of due and proper care towards him; or the duty of so exercising his own rights as not to injure the plaintiff unnecessarily."

The rule is stated in *Conley* v. *R. R. Co.*, (Ky.) 41 Am. & Eng. R. R. Cas., 537:

"We recognize and repeat the rule that the operators of a train are ordinarily under no obligation to look out for trespassers; that as a rule they have the exclusive right to their track, and have the right to presume that persons will not trespass upon it, and are therefore under no obligations to look out for them.    But this rule as to looking out for such persons has its exceptions, one of which is that when the train is coming through a city or town, and the people thereof may cross the track at any and all hours, at such points as may be convenient, whether public or not, and the operators have reason to know that such is the habit, it is their duty to look out for such persons and take reasonable care not to run over them."

In *Gunn* v. *O. R. R. Co.*, (W. Va.) 32 Am. St. Rep. 842, which was an action to recover for the death of two young children, the court, after an exhaustive discussion of the principles involved, said:

"In conclusion, summing up our views of this case, we are of opinion, from principles already announced by this

court, that a railroad company owes to a child on its track, apparently insensible of its danger, the duty of ordinary care in keeping before its running train an outlook, reasonable according to the circumstances, in order to discover the child.    *    *    *    "

In *Isabell* v. *R. R. Co.*, 27 Conn. 393, the court reviews a large number of cases and gives many interesting illustrations in elucidating the rule of law, that though a man do a lawful thing, yet if any damage thereby be done to another which he could reasonably have avoided, he will be held liable, according to the maxim, *Sic utere tuo ut alienum non laedas.*

The opinion of Carpenter, J., in the recent case of *Mitchell* v. *B & M R. R. Co.*, is directly in point.    We quote :

" The conduct of a person of average prudence in doing his lawful business is the legal standard of the defendant's duty.    Such a person running a locomotive engine, would, as the law requires, manage it with greater or less caution, according as he is passing through a mob, over the crowded streets of a city, the less traveled highways of a village, the comparatively unfrequented country, or a territory where there is no crossing and no reason to expect anyone to be upon the track.    The measure of his care would be proportionate to the danger of injury from the want of it.    If they knew or ought to have known, that the deceased was in a place where she was likely to be injured by the locomotive in passing along the track, it was their duty to exercise ordinary care to prevent such injury, whether she had a right to be there, or was a mere trespasser."

In the case of *Pickett* v. *Wilmington R. R. Co.*, (N.C.) 30 L. R. A. 257, it is said that :

" He who has the last clear chance, notwithstanding the negligence of the adverse party, is considered solely responsible for injuries resulting from his failure to exercise reasonable care.    The failure of an engineer to perform his duty to maintain a reasonably vigilant lookout along the track in front of the train renders the railroad company liable for killing a human being lying on the track apparently helpless from any cause, when the engineer could have seen him by the exercise of ordinary care."    (By this re-

mark we do not understand the court to relax the rule of law in respect to contributory negligence.)

This case also lays down the rule that the failure of an engineer to perform his duty to maintain a reasonably vigilant lookout along the track in front of the train renders the railroad company liable for killing a human being lying on the track apparently helpless from any cause, when the engineer could have seen him by the exercise of ordinary care.

The decisions are thus at variance, which is partly by reason of the varying facts upon which they are based. But the most humane and reasonable rule applicable to this case, and the one most in accord with the decisions of this court is, that the defendant did owe to the intestate the duty of reasonable care, and whether in the circumstances detailed in the exceptions such care was exercised by the defendant's employees was a question of fact. *Robinson* v. *Cone*, 22 Vt. 213 ; *Magoon* v. *R. R. Co.*, 67 Vt. 177.

The shunting crew had run the engine down past the Pelkey house without obstruction two or three minutes before the accident; but whether they had a right to assume that even in that short space of time a child would not escape from one of the houses situated near and get upon the track, and therefore omit to watch the track as the engine moved backward was a question of fact.

Whether in view of the known danger of the situation it was prudent for the parents of the intestate to leave her in the manner shown by the evidence, so that she could in an unguarded moment escape upon the track, or whether they were guilty of contributory negligence, was a question of fact for the jury.

The evidence offered in respect to children and others being frequently upon the tracks in that locality should have been admitted.

*Judgment reversed and cause remanded.*