## HARRY PALMER *vs.* MILES F. GORDON.

Middlesex.     March 17, 1899. — May 19, 1899.

Present: HOLMES, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Liability to Trespasser.*

At the trial of an action for personal injuries the evidence tended to show that the plaintiff entered the defendant's restaurant on the invitation of another boy, and, finding the defendant engaged with customers, the boys passed into the kitchen attached to the restaurant and seated themselves in front of the stove with their feet in or on the edge of the oven; that having been ordered by the defendant to leave the kitchen and having disregarded the order, the defendant went into the kitchen, and, saying, " I will show you how I get my dog out," drew a pan of scalding water to and fro across the top of the stove with a scraping noise for the purpose of spilling water on the stove and frightening the boys away, and in so doing spilled water on the stove, and thence on the legs of the plaintiff, unintentionally scalding him. *Held,* that the action could be maintained.

TORT, for personal injuries occasioned by spilling scalding water on the plaintiff.

At the trial in the Superior Court, before *Bishop,* J., the evidence tended to show that the plaintiff, a boy fifteen years old, entered the restaurant of the defendant, not for the purpose of purchasing anything himself, but on the invitation of one of two other boys who accompanied him, and who proposed to stand

treat; that, finding the defendant engaged with customers, the boys passed into the kitchen attached to the restaurant, and seated themselves in front of the stove with their feet in or on the edge of the oven ; that having twice been ordered by the defendant to leave the kitchen, and, having disregarded the orders, the defendant went into the kitchen, and, saying, " I will show you how I get my dog out," drew a pan of scalding water to and fro across the top of the stove with a scraping noise, for the purpose of spilling the water on the stove and of frightening the boys away, and in so doing spilled water on the stove and thence on the legs of the boys, scalding them, but, as was admitted by the plaintiff, without intending to scald him.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*H. H. Newton,* for the defendant.

*G. A. Brown,* for the plaintiff.

HOLMES, J. This is an action of tort for personal injuries. We are to take it that the plaintiff, a boy, was a trespasser with some other boys in the kitchen attached to the defendant's restaurant, and that the defendant spilled water upon the stove for the purpose of frightening the boys away. He did not intend to scald them, but the water flew from the stove upon the legs of the boys. The question raised by the exceptions is whether the jury were warranted in finding the defendant liable.

It will be seen that this case falls between the cases of spring guns and the like, where the defendant is or may be in the same position as if he had been personally present and had shot the plaintiff, and the cases where, as against trespassers or licensees, railroads are held entitled to run trains in their usual way without special precautions. *Chenery* v. *Fitchburg Railroad,* 160 Mass. 211, 213. In the case at bar the defendant, although not contemplating or intending actual damage, did an act specifically contemplating the plaintiff's presence and directed against him. He left the safe position of a landowner simply pursuing his own convenience and assuming that no one would break the law and thereby bring himself into danger.

Just as a man may make himself liable to a negligent plaintiff by a later negligence, (*Pierce* v. *Cunard Steamship Co.* 153 Mass. 87, 89,) he may make himself liable to a trespasser by an

act that is done with reference to the trespasser's presence, and that sufficiently clearly threatens the danger which it brings to pass. A trespasser is not *caput lupinum.* In the present case the only element of doubt was whether the danger to the plaintiff was sufficiently obvious under the circumstances. That question properly was left to the jury.

*Exceptions overruled.*