# Ronald Lavallee, b.n.f. Albert O. Lavallee v. Paul S. Pratt et als

[166 A.2d 195]

September Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 1, 1960

Motion for Reargument Denied November 29, 1960.

*John B. Harrington* and *John H. Jackson* for the plaintiff.

*Leary & Leddy* for the defendant.

**Holden, J.** The plaintiff, Ronald Lavallee, a boy of nine, was injured when he fell from a dairy delivery truck. The vehicle was owned by the defendants and operated by Richard Greene, a route salesman employed by the defendants.

The truck was equipped with a walk-in panel body with doors at the side and rear. Below the rear doors and at a height of about two feet from the street surface was a rear step or platform. The delivery conveyance was operated by the driver from a standing position and was referred to in the evidence as "a 1957 Chevrolet milk truck, stand-up driving."

The accident occurred on July 30, 1957. Greene stopped his truck on the left, or south side of the highway to make collections from customers who resided at 23 Allen Street in the city of Burlington. It could be inferred from the evidence that the vehicle was left with the motor running.

The plaintiff and another boy named McLeod saw Greene enter the house as they were walking toward the rear of the truck. They sat on the rear step to await the driver's return. The doors at the rear of the truck were closed. The plaintiff stated it was his intention to ask the driver for some ice, although his companion intended to hitch a ride. Greene returned to his truck in about five minutes. The plaintiff testified he did not know of the driver's return.

Greene was called as a witness by the plaintiff. He testified that as he returned to his truck he could see the rear of the vehicle. He saw children congregated around the front door of the truck and found other children inside the conveyance. He did not remember whether the plaintiff was included among those he observed in and about his vehicle. When asked concerning what action he took in respect to the children, the witness responded that he "ran them back to the sidewalk and told them to leave the vicinity of the truck. * * * I marked the collection book and then left." Later Greene was asked by counsel for the defendants if he could see children around

the rear of the truck when he was instructing the children to get away from the vehicle. The witness replied "I had just come by the rear. I wasn't looking at the rear."

The McLeod boy jumped after the vehicle had proceeded twenty feet. The evidence is not clear whether the plaintiff jumped or fell. Regarding this contradiction in its most favorable aspect to the plaintiff's claim, as we are bound to do in reviewing the ruling made below, *Batchelder* v. *Birchard Motors, Inc.*, 120 Vt. 429, 430, 144 A.2d 298, the jury might have found that the plaintiff fell and was injured by the force of his propulsion to the ground from the moving truck.

The driver testified he did not know the children were on his truck at the time it left the curb. He was informed of the accident two or three hours later. It appeared from the evidence that Greene had operated this particular route since the preceding February. The plaintiff inquired of Greene as to whether he customarily and regularly encountered difficulty on Allen Street with the children approaching, getting on or being about the truck. On objection, the question was reframed and the driver was asked if he had encountered difficulty with children around his truck at this location. The question was excluded and proper exception was preserved.

The question should have been allowed. It had bearing on what the driver might reasonably anticipate from youthful intruders in the vicinity of the accident. *Dent, Admr.* v. *Bellows Falls & Saxtons River Street Rwy. Co.*, 95 Vt. 523, 530, 116 A. 83; *Lindsay, Admr.* v. *Canadian Pacific Railroad Co.*, 68 Vt. 556, 567, 35 A. 513.

At the conclusion of the plaintiff's evidence on the issue of liability the trial court granted the defendants' motion for a directed verdict. The motion was not concerned with contributory negligence and did not raise the issue of causation. Other than to point out that the driver had no authority to permit the plaintiff to ride, a fact conceded by the plaintiff, no question of agency was involved. The motion was founded on the thesis that the plaintiff was a trespasser to whom the defendants owed no duty of care other than to refrain from wilful and reckless disregard for his safety. The correctness of this position, which the trial court adopted, is the controlling question on this appeal.

 It is fundamental in the law of negligence that liability will not be incurred unless the relation of the parties is such that the person sought to be charged owes a duty of care to the person injured. *Charron* v. *Canadian Pacific Railroad Co.*, 115 Vt. 225, 228, 55 A.2d 614; *Chicoine* v. *Cashman, Inc.*, 108 Vt. 133, 136, 183 A. 487; *Amblo's Admx.* v. *Vermont Associated Petroleum Corp.*, 101 Vt. 448, 450, 144 A. 460. The rule upon which the defendants rely has been applied to protect the owner or occupier of land from liability for injuries inflicted upon an unknown trespasser from a static but dangerous condition on the premises. *Bottum's Admr.* v. *Hawks,* 84 Vt. 370, 373, 79 A. 858; *Amblo's Admx.* v. *Vermont Associated Petroleum Corp., supra,* 101 Vt. 448, 451, 144 A. 460.

We take it that the plaintiff was a trespasser for he went upon the delivery truck without invitation or authority from the defendants or their driver. The fact that the delivery truck may have held some special attraction to a boy of nine does not improve his status as an intruder since the doctrine of attractive nuisance has found no acceptance in this jurisdiction. *Bottum's Admr.* v. *Hawks, supra,* 84 Vt. 370 at 384, 79 A. 858; *Trudo* v. *Lazarus,* 116 Vt. 221, 223, 73 A.2d 306.

 Justice Holmes reminds us that a trespasser is not an outlaw. The owner of property may render himself liable to a trespasser by an act done in his presence if it is sufficiently clear that danger should have been foreseen. *Palmer* v. *Gordon,* 173 Mass. 410, 53 N. E. 909, 910. The fact that the plaintiff was a trespasser will not excuse the actor from the duty of reasonable care for his safety if his presence was known or should reasonably have been anticipated. *Waterlund* v. *Billings,* 112 Vt. 256, 260, 23 A.2d 540; *Dent, Admr.* v. *Bellows Falls & Saxtons River Street Rwy. Co., supra,* 95 Vt. 523 at 530, 116 A. 83; *Lindsay, Admr.* v. *Canadian Pacific Railroad Co., supra,* 68 Vt. 556 at 567, 35 A. 513. *Amblo's Admx.* v. *Vermont Associated Petroleum Corp., supra,* 101 Vt. 448 at 451, 144 A. 460, is to the same effect.

The defendants' driver disclaimed any knowledge that the plaintiff and his companions were on the rear of his truck when he put the vehicle in motion. Yet a construction of the evidence favorable to

the plaintiff locates the boys in plain view of Greene as he returned from his visit to 23 Allen Street.

It is also significant that the driver found children congregated in and about his truck upon his return. The presence of children close by a vehicle in motion or about to get under way is a danger signal that should not be ignored and calls for the exercise of care commensurate with this warning. *Callahan* v. *Disorda,* 111 Vt. 331, 337, 16 A.2d 179; *Parker* v. *Gunther,* 122 Vt. 68, 164 A.2d 152, decided at the last term. In *Robinson* v. *Cone,* 22 Vt. 213, 225, Chief Judge Redfield reasoned that a teamster encountering a child of four, improperly coasting in the highway "was bound to the utmost circumspection, and to see to it that he did not allow his team to acquire such impetus after he saw the child that he could not check them, or avoid injury to the child." See also *Dervin* v. *Frenier,* 91 Vt. 398, 400, 100 A. 760; annotation in 30 A.L.R. 2d 102.

The particular problem of a child trespasser injured ·by falling from a moving vehicle has resulted in a conflict of authority in the several jurisdictions where it has been presented. 60 C.J.S., Motor Vehicles, §401, p. 1021; 5A Am. Jur., Automobiles and Highway Traffic, §489, p. 537. There is support for the proposition that a driver, when confronted by children in and about his vehicle, discharges his full duty as a matter of law by ordering the children to a position of safety. *Coffey* v. *Oscar Meyer & Co.,* 252 Wis. 473, 32 N.W.2d 235, 3 A.L.R.2d 753, 757; *Abbott* v. *Railway Express Agency,* 108 F.2d 671, 673. On the varying facts and circumstances of this case we are not prepared to accept this particular formula as dictating the presence of reasonable care or the want of it. Liability in negligence does not lend itself to exact definition or patterns of behavior that may have predominated at an earlier misadventure. The practical requirements of the prudent man rule differ with the setting of the accident and the participants. *Farrell* v. *Greene,* 110 Vt. 87, 91, 2 A.2d 194; *Aiken* v. *Metcalf,* 90 Vt. 196, 199, 97 A. 669.

The rule advocated by the defendants to the effect that the operator owes no duty of care to an infant trespasser beyond that of refraining from wilful and reckless disregard for his safety finds support elsewhere, notably in *Jaegar* v. *Sidewater,* 366 Pa. 481, 77 A.2d 434, 435;

*Barrett* v. *H. P. Hood & Sons, Inc.* 338 Mass. 789, 154 N.E.2d 903, 904; *Gamble* v. *Uncle Sam Oil Co. of Kansas,* 100 Kan. 74, 82, 163 P. 627. But the rule of these cases fails to observe the distinction long recognized in the decisions of this Court where the trespasser's presence is forewarned and he is injured by a force negligently set in motion by the hand of the owner or occupant whose property has been overstepped. *Waterlund* v. *Billings,* 112 Vt. 256, 260, 23 A.2d 540; *Lindsay, Admr.* v. *Canadian Pacific Railroad Co., supra,* 68 Vt. 556 at 567, 35 A. 513; *Dent, Admr.* v. *Bellows Falls & Saxtons River Street Rwy. Co., supra,* 95 Vt. 523 at 530, 116 A. 83. See also *Bottum's Admr.* v. *Hawks, supra,* 84 Vt. 370 at 372, 79 A. 858; *Trudo* v. *Lazarus, supra,* 116 Vt. 221 at 223, 73 A.2d 306. The legal importance of this factor is made articulate and applied to parallel facts in *Ziehm* v. *Vale,* 98 Ohio St. 306, 120 N.E. 702, 1 A.L.R. 1384. The operator was held to a duty of reasonable care to safeguard an uninvited child who had climbed aboard his parked car.

Such a duty should prevail on the facts presented here if the jury should determine that reasonable vigilance required the driver to know or apprehend the presence of the plaintiff on the truck. Once this point became settled, the question of whether the defendants' driver adequately discharged that duty by ordering the assembled children to a position of safety, without looking to the rear of the delivery truck before going forward, presented a further issue of fact. The trial court should have committed both of these subjects of dispute to the jury. *Ziehm* v. *Vale, supra,* 98 Ohio St. 306, 120 N.E. 702, 1 A.L.R. at 1384; *Helland* v. *Arland,* 14 Wash. 2d 32, 126 P.2d 594; *Llorens* v. *McGann,* 187 La. 642, 175 'So. 442. It was error for the trial court to settle the issue of negligence as a matter of law.

*Judgment reversed and cause remanded. Motion for reargument denied.*

**Hulburd, C. J.,** dissenting. I believe that the trial court properly directed a verdict for the defendant as the evidence stood in this case. Moreover, in reaching this conclusion, I am not only willing to view the evidence in the light most favorable to the plaintiff, but also give him the benefit of the testimony which the majority have held was improperly excluded. The added fact that the driver had previously

encountered difficulty with children around, or in, the truck on Allen Street still fails to make a case for the jury. There is nothing in this testimony which would suggest that the driver had experienced any conduct on the part of the children such as to create a perilous situation. It did not show that they had previously put themselves in positions of danger. Merely showing that the children had gathered about the truck on former occasions adds nothing to the case. It is abundantly clear that on the afternoon in question children did gather about the milk truck and that the driver was aware of the fact. The excluded testimony adds nothing to the case.

A proper consideration of this case requires first that we regard it in its true setting. This is not the sort of highway accident which arises because children are playing on or near the road. The children here are trespassers. The fact that the majority cite *Robinson* v. *Cone*, 22 Vt. 213 and *Parker* v. *Gunther*, 122 Vt. 68, 164 A.2d 152, cases in which the element of trespassing is not present, indicates, it seems to me, an unawareness that this element brings into a situation of this sort another factor, one to which the law properly attaches appropriate significance. An entirely different balance of policy considerations arises. To consider the present case as being analogous to a situation in which a young child at play topples into the road while balancing himself on the edge of the sidewalk perilously close to the road, as in *Parker* v. *Gunther, supra,* is far from helpful.

Trespassers are not devoid of all protection in the law, and properly so. On the other hand, it would seem obvious that a trespasser ought not to stand better than an invited guest. Accordingly, the general rule is that a motorist owes no duty to a trespasser on the vehicle whose presence is unknown; and when the trespasser's presence is known, the motorist owes him only the duty not willfully or wantonly to injure him. 60 C.J.S. Motor Vehicles §401. Where the trespasser is a child and the operator knows of his presence on his vehicle in a position of peril, it has been generally held that the operator is bound to use ordinary care and take proper and reasonable precautions to avoid injury. *Birmingham Ice & Cold Storage Co.* v. *Alley*, 247 Ala. 503, 25 So.2d 37; *Hernandez* v. *Murphy*, 46 Cal. App.2d 201, 115 P.2d 565; *Samuelson* v. *Sherrill*, 225 Iowa 421, 280 N.W. 596; *Levchik* v. *Shaffer*, 327 Pa. 570, 194 A. 923. Actually this is hardly more

than the application of the rule as first stated, since one who failed to use reasonable care to avoid injuring a person known to be in a position of peril might well be said to be guilty of willful or wanton misconduct. See *Langford* v. *Rogers,* 278 Mich. 310, 270 N.W. 692. There is this much difference, however. By speaking in terms of negligence rather than of willful or wanton misconduct we become drawn into the use of the language and law of negligence in circumstances where it seems to me not to be properly applicable. We are led into talking about what a defendant "ought to have seen." This, it seems to me, is unfortunate. It results in treating the trespasser better than the invited guest. There is no logic in this. The present case affords a very good example in point. To me the majority have allowed themselves to be carried beyond a sound position even as regards the ordinary negligence situation. I would like to turn to the evidence at this point.

When the driver of the defendant's milk truck left the customer's house and started back toward the truck, he was under no duty to see the children sitting on the rear platform even though they were visible had he looked in that direction. He was under no duty to be looking at the truck at all. He was not in the position of a person in the act of operating a motor vehicle upon the public highway and so charged with seeing objects and persons in plain view. Aside from the fact of the plaintiff's status as a trespasser, if he has any claim to a case, it is akin to but something less than that made by a plaintiff in a last-clear-chance situation. Under this doctrine we should have in mind the following law which seems of equal force and application to our present problem. The Restatement of the Law of Torts permits a plaintiff to recover if the defendant "would have discovered the plaintiff's situation * * * had he exercised the vigilance which it was his duty to the plaintiff to exercise." Sec. 479(b)(3). In the comment on this section, we find this: "This sub-clause has no application unless there is a duty on the part of the defendant to be on the alert to observe the presence of the plaintiff." Thus it cannot be said, that a defendant "ought to see" if the duty to see is lacking.

No such duty rested on the truck driver at the time of returning from the customer's house to the truck, and this is the only time which the evidence makes it clear he could have seen the plaintiff. Upon

reaching the truck, the driver found children in it and around the front of it. Before he set the truck in motion, a duty at that time came into effect requiring him to take notice of these children and to take reasonable steps to insure their safety. This he did by running them back to the sidewalk and by telling them to leave the vicinity of the truck. At this time, and at no time thereafter, does it appear in evidence that he could have seen the boys sitting on the back step. They were hidden from his view by the closed back doors. On argument counsel agreed that this was so. The plaintiff, himself, testified that he did not see the driver come out of the customer's house nor did he see him at any time thereafter. No doubt we can now say that the truck driver could have discovered the plaintiff by getting out of his truck and going to its rear and looking. But this is hindsight, pure and simple. It is tantamount to saying that the driver should have made a search. Just where would such a search begin; when and where would it end? The expression "ought to have seen" does not include what one could have discovered by conducting a search. *Wilson* v. *City of Long Beach,* 71 Cal. App. 2d 235, 162 P.2d 658; *Ostrander* v. *Armour,* 161 N.Y.S. 961, 176 App. Div. 152; *White* v. *Edwards Chevrolet Co.,* 186 Va. 669, 43 S.E.2d 870; and generally, *Rosenfeld* v. *City of Detroit,* 274 Mich. 650, 265 N.W. 490; *Camp* v. *Spring,* 241 Mich. 700, 217 N.W. 917; *Curt* v. *Ziman,* 140 Pa. Super. 25, 12 A.2d 802. One ought to see what one can see when there is a duty to see. It is only where a defendant is guilty of negligence so reckless as to betoken indifference to knowledge that we can say otherwise. *Tribovich* v. *Burke,* 255 N.Y.S. 100, 234 App. Div. 384; *Chapin* v. *Stickel,* 173 Wash. 174, 22 P.2d 290. That is not this case. It is well to keep in mind, it is not claimed by the plaintiff that the defendant's employee was negligent in any manner other than his alleged negligent failure to discover the plaintiff in his perilous position. No fault, otherwise, is found in the way the truck drove off. On the evidence, it seems to me that no jury of reasonable men would be justified in saying that the truck driver was lacking in ordinary care in the situation as it presented itself to him. Compare *Coffey* v. *Mayer & Co.,* 252 Wis. 473, 32 N.W.2d 235, 3 A.L.R.2d 753; *Wilson* v. *City of Long Beach,* 71 Cal. App.2d 235, 162 P.2d 658. Further than that, I would hold that the duty of a motor vehicle operator to use due care towards trespassing children extends only to those situ-

ations where the operator knows of the presence of the child on his vehicle in a position of peril or where the defendant is guilty of negligence so reckless as to betoken indifference to knowledge. This puts the rule in harmony with the basic proposition that a motorist owes a trespasser only the duty not wilfully or wantonly to injure him. It provides a proper and just differentiation between trespassers on the one hand and guests on the other. Unlike the majority opinion, which virtually requires a defendant to be an insurer to a wrongdoer in his wrongdoing, it draws the line of liability where it should be drawn. It avoids setting up a new rule of liability which would impose an intolerable and unreasonable burden on those carrying on an activity similar to that of the defendant. Its underlying sociology is sound. The trial court, in my opinion, properly directed a verdict for the defendant.

I am authorized to state that Mr. Justice Shangraw joins in this dissent.