*Johnson v. Smith Bros. Ins., LLC*, No. 1062-12-18 Cncv (Toor, J., Feb. 18, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

CIVIL DIVISION
Docket No. 1062-12-18 Cncv

Johnson et al. vs. Smith Brothers Insurance, LLC et al.

### ENTRY REGARDING MOTION

Count 1, Breach of Contract (1062-12-18 Cncv)

| | |
|---|---|
| Title: | Motion for Summary Judgment (Motion 2) |
| Filer: | Smith Brothers Insurance, LLC et al. |
| Attorney: | Robin Ober Cooley |
| Filed Date: | October 10, 2019 |

Opposition filed on 12/16/2019 by Attorney Edward D. Fitzpatrick for Plaintiff Joseph M. Finnigan et al
Reply filed on 01/10/2020 by Attorney Robin Ober Cooley for Defendant Scott J. Garcia et al.

This case involves claims by a law firm against its (presumably now former) malpractice insurer and insurance agent. It arises out of a denial of coverage for a scam by which the lawyers were duped into wiring over $100,000 to someone falsely posing as opposing counsel in a real estate closing. Defendants move for summary judgment.

Facts

The parties agree that Garcia was an agent of the Smith Brothers Insurance agency, and that he spoke at a Vermont Attorneys Title Insurance seminar on June 11, 2014. Plaintiffs allege that Garcia spoke about the importance of proper cybersecurity coverage for lawyers, and that Attorney Finnigan then spoke with Garcia, "express[ing] an interest in securing the proper malpractice insurance policy with cyber security coverage, including email scams resulting in fraudulent wire transactions." Finnigan Aff. ¶ 7. Plaintiffs also allege that Garcia said he would need to review their existing policy, but

"felt confident that he could provide better coverage" than the firm then had. Id. Finnigan believed that such coverage would include "the appropriate cyber security coverage that was discussed at the seminar, including circumstances involving fraudulent wire scams." Id. Plaintiffs allege that they sent Garcia a copy of their existing policy with another company, in response to Garcia's stating that he would have to review that. Id. ¶¶ 7-8. Neither side has any written or email record of that policy being exchanged.

The parties agree that a month after the seminar the firm applied online for, and then purchased, a malpractice policy from Smith Brothers. The online application made no mention of the month-old conversation with Garcia or anything about cybersecurity coverage. The parties had no further communications about the specific nature of the coverage. Finnegan asserts that the firm "assumed that we were getting the cyber security coverage as represented at the seminar, which was the primary reason for our reaching out to the Defendants and establishing a relationship with them." Id. ¶ 9. They renewed the policy on more than one occasion.

The policy provided $10,000 for "network breach coverage." The $10,000 limit was clearly stated in the policy. Policy at 3, § A.6 (Ex. 13 to Motion). There was no coverage for the event that occurred here. When the firm made a claim for the $100,000 loss, it was denied for lack of any coverage for such wire scams.

### Discussion

The complaint asserts claims for breach of contract, consumer fraud, and negligent misrepresentation.[1] Defendants move for summary judgment on each count.

---

[1] Plaintiffs now seek to amend the complaint to add counts of negligence and breach of the covenant of good faith and fair dealing. The court will address that motion separately.

2

Defendants argue that the conversation at the seminar did not create any contract. The court agrees. There was no agreement at the seminar to provide insurance. It was a preliminary informational discussion, nothing more. "To be an enforceable contract, the agreement must manifest the parties' intention to be bound and its terms must be sufficiently definite." J & K Tile Co. v. Wright & Morrissey, Inc., 2019 VT 78, ¶ 12. A general discussion about a product is far from sufficient. In addition, although the parties dispute whether Plaintiffs ever provided a copy of their existing policy for Garcia to compare, there is no evidence at all that Garcia ever said he had reviewed it and the cybersecurity coverage he could offer would be better. There was never any offer and acceptance until the application was submitted a month later making no mention of cybersecurity coverage, a policy was offered, and Plaintiffs accepted it. Because Plaintiffs did not request the special coverage, Defendants had no obligation to provide it.

Consumer Protection Claim

Defendants argue that the consumer fraud claim fails because insurance is not within the scope of the "goods or services" covered by the Vermont Consumer Protection Act (formerly the Consumer Fraud Act), 9 V.S.A. § 2351a. *See* Wilder v. Aetna Life & Cas. Ins. Co., 140 Vt. 16, 18 (1981). Plaintiffs respond that the statute was amended after Wilder to broaden the scope of such goods or services. The Supreme Court has not yet addressed whether the amendment included insurance. *See* Greene v. Stevens Gas Service, 2004 VT 67, ¶ 10, 122 Vt. 90. Trial courts are apparently split. Judge (now Justice) Eaton held in 2012 that because the long list of additions such as "objects, wares, goods, commodities, work, labor, intangibles" did not expressly include insurance, and there was no mention of Wilder at the time of the amendment, insurance was not included in the amendment. Nautilus Ins. Co. v. Loomis, Docket No. 194-9-10 Oecv (Feb. 29, 2012).

Judge Mello recently reached the same conclusion. *See* Brunelle v. Cincinnati Ins. Co., Docket No. 268-8-16 Frcv (May 24, 2019). The counter-argument, of course, is that the language on its face is extremely broad, covering "other property or services of any kind." 9 V.S.A. § 2451a. *See* Blake v. Progressive Northern Insur., 164-9-15 Oecv (Feb. 4, 2016). (Tomasi, J.); Bertelson v. Union Mutual Fire Ins., Docket No. 834-04 Cncv (Nov. 22, 2004) (Norton, J.). Lacking any ambiguity, resort to legislative intent is unnecessary. Flint v. Dep't of Labor, 2017 VT 89, ¶ 5, 205 Vt. 558 ("[W]e resort to other tools of statutory construction—such as legislative history—only if the plain language of the statute is unclear or ambiguous.").

The court agrees with Plaintiffs here that the statute does cover the sale of insurance. Insurance coverage is within the description of "intangibles" or "property or services of any kind." 9 V.S.A. § 2451a. It is also persuasive, as Judge Norton pointed out, that in another subsection of the same provision "the sale of insurance" is expressly *excluded* from the definition of "home solicitation sales" that are covered by the statute. Id. § 2451(d)(5). There would be no reason to exclude insurance sales if they were not covered to begin with.

Nonetheless, the court agrees that the facts proffered here cannot make out a consumer protection violation. The only representation Plaintiffs point to is Garcia's statement "that he could get Plaintiffs better coverage for cyber security than their existing policy." Opp. at 14. To establish a violation of the statute, any reliance on such a statement must be "reasonable under the circumstances." Jordan v. Nissan N. Amer. Inc., 2004 VT 27, ¶ 5, 176 Vt. 465. No one could reasonably rely on such a general statement at a seminar to presume that a later-requested general malpractice policy will include such specialized coverage. Had Garcia said that "every malpractice policy we issue has the best

available cybersecurity coverage," Plaintiffs might have a claim. The facts alleged here, however, are far from sufficient.

<u>Negligent Misrepresentation</u>

To prove negligent misrepresentation, Plaintiffs would need to prove "justifiable reliance upon the information" they received at the seminar. <u>Burgess v. Lamoille Hous. P'ship</u>, 2016 VT 31, ¶ 21, 201 Vt. 450, quoting Restatement (Second) of Torts § 552(1). As with the consumer protection claim, no reasonable jury could find that the reliance here was justifiable. A conversation with a stranger at a seminar about possibly purchasing insurance, followed by an email application a month later that made no mention of either the conversation or the specific type of coverage that was desired, is insufficient to create a duty to remember the conversation at the seminar and act upon it. The conversation itself was not an application for insurance, and the application itself made no mention of cybersecurity insurance. Plaintiffs' expectation was unreasonable.

<u>Order</u>

The motion for summary judgment is granted.

Dated at Burlington this 18th day of February, 2020.

_____
Helen M. Toor
Superior Court Judge

<u>Notifications</u>:
Edward D. Fitzpatrick (ERN 3965), Attorney for Plaintiff Michael Johnson
Edward D. Fitzpatrick (ERN 3965), Attorney for Plaintiff Joseph M. Finnigan
Robin Ober Cooley (ERN 4769), Attorney for Defendant Smith Brothers Insurance, LLC
Robin Ober Cooley (ERN 4769), Attorney for Defendant Scott J. Garcia
Chad V. Bonanni (ERN 4155), Attorney for party 1 Co-Counsel
Chad V. Bonanni (ERN 4155), Attorney for party 2 Co-Counsel